Rowe B. Metcalf v. Commissioner.
Metcalf v. Commissioner
Docket No. 17809.
United States Tax Court
1950 Tax Ct. Memo LEXIS 80; 9 T.C.M. (CCH) 884; T.C.M. (RIA) 50232; October 11, 1950
*80 Gift tax: Transfer in trust pursuant to prior years binding agreement. - Transfers of property to children's trusts in 1944 pursuant to a binding agreement entered into in 1930 incident to a divorce proceeding, held, not taxable gifts in 1944. Estate of Ira C. Copley, 15 T.C. 17, (July 18, 1950), followed. Malcolm H. Frost, Esq., 45 East 17th St., New York 3, N. Y., and Harold B. Tanner, Esq., 15 Westminster St., Providence, R.I., for the petitioner. Thomas R. Wickersham, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $39,036.05 in gift tax for the year 1944. The petitioner assigns error in the respondent's inclusion in taxable net gifts for 1944 the amount of $170,500 representing total payments made by petitioner in that year to three trusts theretofore created by him for the benefit of his three children, respectively. In the alternative, petitioner assigns error in the respondent's adjustment of total net gifts for prior years, by disallowing the exclusion of payments totaling $15,000 made to the same trusts in 1933. The stipulated facts are so found and included herein *81 by reference. Findings of Fact The petitioner is a resident of Greenwich, Connecticut, with his place of business at 45 East 17th Street, New York, N. Y. His gift tax return for the calendar year 1944 was filed with the collector of internal revenue for the second district of New York on March 15, 1945. The 1944 payments in controversy were disclosed in the return, but were not included therein as taxable gifts. Petitioner and his former wife Mary Sewall Metcalf were married on June 19, 1922, in Lincoln County, Maine, and three children were born of that marriage, namely, Jesse Metcalf II, born March 17, 1924; Rowe Browning Metcalf, Jr., born March 3, 1927; and Mary Susan Metcalf, born April 18, 1929. The petitioner on September 4, 1924, November 17, 1927, and September 10, 1930, executed similar indentures of trust, with a Rhode Island corporate trustee, for the separate benefit of each of the above-named children, respectively. Each trust provided, inter alia, that the net income should be accumulated and added to the capital of the trust until the beneficiary attained 21 years of age, that thereafter the net income should be paid to the beneficiary until he attained 30 *82 years of age, and that thereupon the trust should terminate and the trust estate paid over to the beneficiary in fee simple and, further, in event of the beneficiary's death before attaining age 30, that the trust should terminate and the trust estate paid over in fee simple to the persons entitled thereto under appointment by the beneficiary or in default thereof, under the Rhode Island statutes of descent and distribution as if the beneficiary had owned the trust estate in fee simple at time of death. On September 18, 1930, the three separate trust estates for the benefit of Jesse, Rowe and Mary Susan were worth $27,574.59, $26,987.40 and $25,000, respectively. Prior to September 24, 1930, marital differences arose between petitioner and his wife Mary S. Metcalf and incident to her contemplated divorce action and through negotiations conducted by their respective counsel the parties entered into an agreed settlement of property rights and of all rights of support and other rights and claims arising out of their marriage in the event the divorce action was carried out. Pursuant to the settlement agreement the petitioner on September 24, 1930, entered into an escrow agreement with *83 the Old Colony Trust Company of Boston, Massachusetts, and deposited with that company $150,000 in cash and $600,000 in cash or securities. The escrow agreement was to become effective upon Mary S. Metcalf's presentation of a final decree of divorce and delivery of certain deeds conveying all her interest in described properties to petitioner; whereupon and in lieu of alimony and support the $150,000 cash was to be paid to her and the $600,000 was to be paid to a corporate trustee under an irrevocable indenture of trust executed by petitioner to pay the income to Mary S. Metcalf for her life and then to the three children until all should have attained 30 years of age, whereupon the trust should terminate and be distributed to the three children or their issue or to others as provided for. Pursuant to the settlement agreement and "in consideration of the * * * adjustment of financial affairs in lieu of alimony" the petitioner and Mary S. Metcalf on or about September 24, 1930, executed an indenture whereby petitioner for himself, his heirs, and executors, covenanted and agreed to bear the expense incident to the education of their three children through all grades of school including *84 college and the parties set forth an agreed provision, for inclusion in the divorce decree, as to Mary S. Metcalf's custody and care of the children. Pursuant to the settlement agreement and on or about September 24, 1930, the petitioner and Mary S. Metcalf executed an "Indenture Re: Children's Trust Fund". The indenture set forth that as a part of the adjustment of financial affairs "it was desired" by Mary S. Metcalf that each of the three minor children should have a trust fund in the principal sum of $100,000 and that petitioner had on September 4, 1924, November 17, 1927, and September 10, 1930, created separate trusts for the benefit of the children, respectively. Further, the indenture provided that "in consideration of the said adjustment of financial affairs in lieu of alimony" the petitioner for himself, his heirs and executors, covenanted and agreed that he would, during each of three succeeding five year periods, add to each of those trusts a principal sum of not less than $25,000 so that each trust would be increased to $100,000 principal amount exclusive of accumulations not later than 15 years from date of that indenture which was to become effective only upon a final *85 decree of divorce. Following the execution of these agreements and on or about September 24, 1930, Mary S. Metcalf brought an action for absolute divorce against petitioner by a libel against him in the Superior Court of the County of Cumberland, Maine. On or about December 3, 1930, that court having heard the evidence and having had produced and tendered the escrow agreement, the trust agreement, and other agreements, but without passing upon them, and relying upon statements of counsel that suitable and satisfactory financial arrangements had been made between the parties, entered a decree of absolute divorce in favor of Mary S. Metcalf and awarded her the care and custody of the three children. The decree also set forth the matter agreed upon by the parties as to the education of the children, but made no provision for alimony or for support of the children and did not incorporate by reference the settlement agreement of the parties with reference thereto. A copy of the divorce decree and the required deeds executed by Mary S. Metcalf to petitioner were delivered to the escrow agent and the settlement agreement between the parties became effective in 1930. Pursuant to the "Indenture *86 Re: Children's Trust Fund" and on January 5, 1932, and again on January 16, 1933, the petitioner paid to the corporate trustee the sum of $5,000 for each child's trust. Thereafter, petitioner made no further payments under that indenture until the year 1944 as hereinafter set out. Mary S. Metcalf died on March 17, 1943, and the petitioner was appointed guardian of the persons and property of his three minor children. The administrator of the estate of Mary S. Metcalf inquired of the corporate trustee as to the status of the children's trusts and learned of petitioner's failure to complete the payments in trust as provided for in the September 24, 1930 "Indenture Re: Children's Trust". On or about March 13, 1944, the three minor children by their duly appointed "next friend" and the wife of Jesse Metcalf II commenced an action in the Supreme Judicial Court of Maine Sitting in Equity, against the petitioner, the corporate trustee, and the administrator of the estate of Mary S. Metcalf, deceased, praying for specific performance by petitioner of his agreement set forth in the "Indenture Re: Children's Trust Fund". Prior to the date for filing answer in such action the petitioner made *87 an offer in compromise which was agreed to and approved by all the parties in interest subject to the approval of the court and releases by the complainants. On April 10, 1944, the compromise settlement was approved and so ordered by final decree of the court. In compliance with that decree petitioner paid the amounts set forth therein, namely, the sum of $55,779.41 to the trustee under the trust of September 4, 1924 for the benefit of Jesse Metcalf II; the sum of $56,366.60 to the trustee under the trust of November 17, 1927 for the benefit of Rowe Browning Metcalf, Jr.; and the sum of $58,353.99 to the trustee under the trust of September 10, 1930 for the benefit of Mary Susan Metcalf. Receipts and releases were exchanged by the parties as directed and the orders contained in the decree were fully complied with on or before April 26, 1944. The payments by petitioner to the children's trusts as set out in the preceding paragraph totaled $170,500 and represent the amount determined by respondent to constitute a taxable gift in 1944. Opinion KERN, Judge: We would be inclined to hold this proceeding until the Supreme Court hands down its opinion in the appeal of , *88 certiorari granted (March 27, 1950), were it not for the fact that we consider the decision in the instant case to be governed by the reasoning of our recent opinion in (July 18, 1950), which found support in the opinion of the Circuit Court in the Harris case on an issue which is not within the scope of the writ of certiorari granted by the Supreme Court. Here, as in the Copley case, the contract to make payments to the trusts was executed by petitioner in a year when there was no gift tax law in effect; there was valuable consideration for the contract flowing to petitioner from his wife; there was, therefore, a valid contract existing in 1930 under which petitioner was bound to make the payments to the trust in late years, which are now in question; and therefore, these payments were not gifts in the years in which they were made; but were realizations by the trusts on rights acquired by them in 1930. On the authority of Decision will be entered for petitioner.